UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| MARTIN R. CRESSEY d/b/a BOHICA FISHING CHARTERS, | * * * | |
| Plaintiff, | * * | CASE NO. _____ |
| versus | * * | SECTION _____ |
| BP, plc; BP PRODUCTS NORTH AMERICA, INC.; BP AMERICA, INC.; INC.; HALLIBURTON ENERGY SERVICES, INC.; and CAMERON INTERNATIONAL CORPORATION f/k/a COOPER CAMERON CORPORATION, | * * * * * | MAGISTRATE _____ <br><br> JURY DEMAND |
| Defendants. | * * * | |

**COMPLAINT**

**I.  INTRODUCTION**

1. Plaintiff, Martin R. Cressey d/b/a Bohica Fishing Charters ("Plaintiff"), brings this action against the defendants identified below ("Defendants"), and aver as follows:

2. This is an action to recover damages suffered by Plaintiff as a result of the oil

1

spill that resulted from the explosion and fire aboard, and subsequent sinking of the oil rig Deepwater Horizon (hereinafter "Deepwater Horizon" or "Oil Rig") on April 20, 2010, at about 10:00 p.m. central time in the Gulf of Mexico (Latitude 28° 45.23' N; Longitude 88° 18.89' W) approximately 50 miles from the Louisiana coast.  Following the sinking of the Oil Rig, what was once estimated as 1,000 barrels a day has grown to quite possibly 25,000 or more estimated barrels of oil per day have been leaking from the oil well upon which the Deepwater Horizon was performing completion operations, and from the pipe connected to it (drill stack).  The fast-moving oil slick, which has grown exponentially since the date of the spill, has caused detrimental effects upon the Gulf of Mexico's and Louisiana's marine environments, coastal environments and estuarine areas.  Further, the spill has damaged and will continue to damage the value of Plaintiff's real and personal property, his earning capacity, business income, and/or use of natural resources.

## II.     JURISDICTION AND VENUE

3.     This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(d)(2), because the matter in controversy exceeds $75,000.00, and because the requisite diversity of citizenship exists between Plaintiff and Defendants.

4.     Prosecution of this action in this district is proper under 28 U.S.C. § 1391(a)(2) because a substantial portion of the events or omissions giving rise to the claims asserted herein occurred in this district and/or a substantial part of the property at issue in this action is situated in this district.

## III.    PARTIES

5.     Plaintiff, Martin R. Cressey is a resident of Florida doing business in this district in Port Fourchon, Louisiana, as Bohica Fishing Charters.  Plaintiff earns income as a commercial

charter fishing guide who conducts fishing excursions for paying clients in the Gulf of Mexico, and whose income is significantly derived from access to open fishing waters and service to tourists, vacationers, recreational and/or sports fishermen, and as a result of the events described herein, has suffered damages that are more fully described below.

6. Defendants herein are:

(a) BP, plc ("BP"), a foreign corporation doing business in the State of Louisiana and within this district;

(b) BP Products North America, Inc. ("BP Products"), a foreign corporation doing business in the State of Louisiana and within this district;

(c) BP America, Inc. ("BP America"), a foreign corporation doing business in the State of Louisiana and within this district;

(d) Halliburton Energy Services, Inc. ("Halliburton"), a foreign corporation doing business in the State of Louisiana and within this district; and

(e) Cameron International Corporation f/k/a Cooper-Cameron Corporation ("Cameron"), a foreign corporation doing business in the State of Louisiana and within this district.

## IV. **FACTUAL ASSERTIONS**

7. BP, BP Products and BP America (collectively "BP") are the holders of a lease granted by the Minerals Management Service that allows BP to drill for oil and perform oil-production-related operations at the site of the oil spill, and on April 20, 2010 operated the oil well that is the source of the oil spill.

8. Transocean, Ltd., Transocean Offshore and Transocean Deepwater (collectively "Transocean") are the owners and/or operators of the Deepwater Horizon, a semi-submersible mobile drilling rig, which was performing completion operations for BP, BP Products and BP

America on the outer Continental Shelf, at the site from which the oil spill now originates, on April 20, 2010.

9. Upon information and belief, Cameron manufactured and/or supplied the Deepwater Horizon's blow-out-preventers ("BOPs"), a series of valves/seals that failed to control pressure and prevent resulting release of oil. The BOPs were defective because they failed to operate as intended.

10. Halliburton was engaged in cementing operations of the well and well cap and, upon information and belief, improperly and negligently performed these duties, increasing the pressure at the well and contributing to the fire, explosion and resulting oil spill.

11. At all times material hereto, the Deepwater Horizon was manned, possessed, managed, controlled, chartered and/or operated by BP.

12. The fire and explosion on the Deepwater Horizon, its sinking and the resulting oil spill were caused by the negligence of Defendants, which renders them liable jointly and severally to Plaintiff for all his damages.

13. The injuries and damages suffered by Plaintiff were caused by Defendants' negligent, willful, and/or wanton failure to adhere to recognized industry standards of care and safety practices.

14. Defendants knew of the dangers associated with deep water drilling and negligently, willfully, and wantonly failed to take appropriate measures to prevent damage to Plaintiff.

15. The oil spill has damaged and will continue to damage the value of Plaintiff's real and personal property, his earning capacity, business income, and/or use of natural resources.

**V.    COUNT I – NEGLIGENCE AND/OR WANTONNESS**

16. Plaintiff repeats, reiterates, and realleges each and every allegation set forth above with the same force and effect as if copied herein.

17. Defendants owed a duty to Plaintiff to exercise reasonable care in the construction, operation, inspection, training, repair and maintenance of the Deep Water Horizon and oil well.

18. Defendants had a heightened duty of care to Plaintiff because of the great danger and environmental concerns associated with the drilling of oil.

19. Defendants breached their legal duty to Plaintiff by failing to exercise reasonable care and acting with reckless, willful, and wanton disregard for Plaintiff in the construction, operation, inspection, training, repair and maintenance of the Deep Water Horizon and the oil well. The fire, explosion, and resulting oil spill was caused by the concurrent negligence of the Defendants.

20. Upon information and belief, Plaintiff avers that the fire, explosion and resulting oil spill was caused by the joint negligence and fault of the Defendants in the following non-exclusive particulars:

   a. Failing to properly operate the Deepwater Horizon and oil well;

   b. Operating the Deepwater Horizon and oil well in such a manner that a fire and explosion occurred onboard, causing it to sink and resulting in an oil spill;

   c. Failing to properly inspect the Deepwater Horizon and oil well to assure that its equipment and personnel were fit for their intended purpose;

   d. Acting in a careless and negligent manner without due regard for the safety of others;

e. Failing to promulgate, implement and enforce rules and regulations pertaining to the safe operations of the Deepwater Horizon and oil well which, if they had been so promulgated, implemented and enforced, would have averted the fire, explosion, sinking and oil spill;

f. Operating the Deepwater Horizon and oil well with untrained and/or unlicensed personnel;

g. Inadequate and negligent training and/or hiring of personnel;

h. Failing to take appropriate action to avoid and/or mitigate the accident;

i. Negligent implementation of policies and/or procedures to safely conduct offshore operations in the Gulf of Mexico;

j. Employing untrained or poorly trained employees and failing to properly train their employees;

k. Failing to ascertain that the Deepwater Horizon and oil well and its equipment were free from defects and/or in proper working order;

l. Failure to timely warn;

m. Failure to timely bring the oil release under control;

n. Failure to provide appropriate accident preventive equipment;

o. Failure to observe and read gauges that would have indicated excessive pressures in the well;

p. Failure to react to danger signs;

q. Improper installation, maintenance and operation of BOPs or use of defective BOPs;

r. Conducting well and well cap cementing operations improperly;

    s.    Acting in a manner that justifies imposition of punitive damages; and

    t.    Such other acts of negligence and omissions as will be shown at the trial of this matter.

21. Defendants knew or should have known that their negligent, willful, wanton and/or reckless conduct would foreseeably result in the disaster, causing damage to Plaintiff.

22. The injuries to Plaintiff were also caused by or aggravated by the fact that Defendants failed to take necessary actions to mitigate the danger associated with their operations.

23. In addition, the fire, explosion, sinking and the resulting oil spill would not have occurred had the Defendants exercised the high degree of care imposed on them and Plaintiff, therefore, pleads the doctrine of *res ipsa loquitur.*

24. Plaintiff is entitled to a judgment finding Defendants liable to Plaintiff for damages suffered as a result of Defendants' negligence, willfulness, recklessness, and/or wantonness and awarding Plaintiff adequate compensation, including punitive damages therefore in amounts determined by a jury.

## VI. **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally as follows:

    a.    Economic and compensatory damages in amounts to be determined at trial;

    c.    Punitive damages;

    d.    Pre-judgment and post-judgment interest at the maximum rate allowable by law;

    e.    Attorney's fees and costs of litigation;

f.  Such other and further relief available under all applicable state and federal laws and any relief the court deems just and appropriate; and

g.  A trial by jury as to all Defendants.

Respectfully submitted by,

BEASLEY, ALLEN, CROW,
METHVIN, PORTIS & MILES, P.C.

/s/Roman A. Shaul
Roman A. Shaul (T.A. LA Bar No. 30296)
Jere L. Beasley (AL Bar No. ASB-1981-A35J)
Rhon E. Jones (AL Bar No. ASB-7747-E52R)
Andy D. Birchfield (AL Bar No. ASB-3625-C48A)
David B. Byrne, III (AL Bar No. ASB-2198-N77D)
John E. Tomlinson (AL Bar No. ASB-4095-O78T)
J. Parker Miller (AL Bar No. ASB-7363-H53M)
A. Brantley Fry (Al. Bar No. ASB-5302-N71F)
218 Commerce Street
Montgomery, AL 36104
(334) 269-2343
(334) 954-7555 (fax)
roman.shaul@beasleyallen.com
jere.beasley@beasleyallen.com
rhon.jones@beasleyallen.com
andy.birchfield@beasleyallen.com
david.byrne@beasleyallen.com
john.tomlinson@beasleyallen.com
parker.miller@beasleyallen.com
brantley.fry@beasleyallen.com

AND

/s/ Edward Landry
Edward Landry (LA Bar Number: 01779)
Landry, Watkins, Repaske & Breaux
211 E. Main Street
Post Office Drawer 12040
New Iberia, LA 70562-2040
337-364-7626
337-367-2715 (fax)
edward.landry@landrywatkins.com

8

                Attorneys for Plaintiff Martin R. Cressey d/b/a
                Bohica Fishing Charters

Dated: June 10, 2010

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury as to all issues and causes of action stated herein.

    Respectfully submitted,

    /s/Roman A. Shaul
    Roman A. Shaul (T.A. LA Bar No. 30296)
    Jere L. Beasley (Al. Bar No. ASB-1981-A35J)
    Rhon E. Jones (Al. Bar No. ASB-7747-E52R)
    Andy D. Birchfield (AL Bar No. ASB-3625-C48A)
    David B. Byrne, III (Al. Bar No. ASB-2198-N77D)
    John E. Tomlinson (Al. Bar No. ASB-4095-O78T)
    J. Parker Miller (Al. Bar No. ASB-7363-H53M)
    A. Brantley Fry (Al. Bar No. ASB-5302-N71F)
    BEASLEY, ALLEN, CROW,
    METHVIN, PORTIS & MILES, P.C.
    218 Commerce Street
    Montgomery, AL 36104
    (334) 269-2343

    AND

    /s/ Edward Landry
    Edward Landry (LA Bar No: 01779)
    Landry, Watkins, Repaske & Breaux
    211 E. Main Street
    Post Office Drawer 12040
    New Iberia, LA 70562-2040
    337-364-7626
    337-367-2715 FAX
    edward.landry@landrywatkins.com