UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| MARTIN R. CRESSEY d/b/a | * | |
| BOHICA FISHING CHARTERS, | * | |
| | * | CIVIL ACTION NO. |
| Plaintiff, | * | 2:10-CV-01721 |
| | * | |
| versus | * | SECTION "N" |
| | * | |
| BP, plc; BP PRODUCTS NORTH AMERICA, | * | DIVISION "4" |
| INC.; BP AMERICA, INC.; TRANSOCEAN, | * | |
| LTD.; TRANSOCEAN OFFSHORE | * | |
| DEEPWATER, INC.; HALLIBURTON | * | JUDGE KURT D. ENGELHARDT |
| ENERGY SERVICES, INC.; and CAMERON | * | |
| INTERNATIONAL CORPORATION | * | MAGISTRATE |
| f/k/a COOPER CAMERON CORPORATION, | * | JUDGE KAREN WELLS ROBY |
| | * | |
| Defendants. | * | |

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO
DEFENDANT HALIBURTON ENERGY SERVICES, INC.'S
<u>MOTION FOR STAY OF PROCEEDINGS</u>**

Plaintiff, Martin R. Cressey d/b/a Bohica Fishing Charters ("Plaintiff"), by and through undersigned counsel, hereby submits this Memorandum in Opposition to Defendant Halliburton Energy Services, Inc.'s ("Defendant") Motion for Stay of Proceedings Pending

1

Transfer by The Judicial Panel on Multidistrict Litigation.  For the following reasons, the Defendant's motion for stay is due to be denied.

## ARGUMENT

The Court's inherent power to stay proceedings is discretionary and is derivative of the Court's power to manage cases to ensure just, efficient adjudication.  *Landis v. North America Co.*, 299 U.S. 248, 254 (1936); *Gold v. Johns Manville Sales Corp.*, 723 F.2d 1068 (3rd Cir. 1983).  However, the Judicial Panel on Multidistrict Litigation rules clearly provide that a district court continues jurisdiction despite the pendency of an motion to consolidate pursuant to 28 U.S.C. § 1407.

> The pendency of a motion . . . before the Panel concerning transfer or remand of an action pursuant to 28 U.S.C. § 1407 does not affect or suspend orders and pretrial proceedings in the district court in which the action is pending and does not in any way limit the pretrial jurisdiction of that court.

J.P.M.L.R.P 1.5.  Indeed, JPML Rule 1.5 has been construed as "discouraging district courts from staying pending motions." *Johnson, et al. v. Micron Technology, Inc., et al.*, 354 F. Supp. 2d 736, 739 (E.D. Michigan 2005).

This point is buttressed by the *Manual for Complex Litigation,* which provides:

> The transferor court should not automatically stay discovery . . . Nor should the court automatically postpone rulings on pending motions, or generally suspend further proceedings.

*Manual for Complex Litigation, Fourth*, § 20.131 (2004).

Importantly, the Panel has said:

> The Panel's experience indicates that the use of stay orders by the district courts, particularly in the area of discovery, is usually undesirable.  Any discovery obtained prior to the Panel decision will benefit the parties to the action if transfer is denied and will presumably be made available to all other parties if transfer is ordered.

*In re Penn Central Secs. Litig.*, 333 F. Supp. 382, 384 (J.P.M.L. 1971); *see also The Mechanics of Motion Practice Before the Judicial Panel on Multidistrict Litigation*, 175 F.R.D. 589 (1998) ("[D]istrict courts will commonly refuse to grant a motion to stay discovery pending the outcome of a Panel transfer motion.").

"When considering a motion to stay, the district court should consider three factors: (1) potential prejudice to the non-moving party; (2) hardship and inequity to the moving party if the action is not stayed; and (3) the judicial resources that would be saved by avoiding duplicative litigation if the cases are in fact consolidated." *Rivers v. Walt Disney Co.*, 980 F. Supp. 1358, 1360 (C.D. Cal. 1997). "[A] district judge should not automatically stay discovery, postpone rulings on pending motions, or generally suspend further rulings upon a parties' motion to the MDL Panel for transfer and consolidation." *Rivers*, 980 F. Supp. at 1360 (citing Manual for Complex Litigation, Third, at 252 (1995)).

A large portion of the Defendant's motion is dedicated to referencing cases where this and other courts have granted motions for stay in the context of existing MDLs. This case is distinguishable, as there has been no action by the Judicial Panel on Multidistrict Litigation to consolidate this and other similar cases. See *Callahan v. Vertrue Incorporated*, 2009 U.S. Dist. LEXIS 24674 (March 18, 2009) (stay denied pending MDL consolidation); *see also, Garcia v. Tyson Foods, Inc.*, 2008 U.S. Dist. LEXIS 67304 (Sept. 3, 2008); *see also, Gallardo v. Aurora Dairy Corporation*, 2008 U.S. Dist. LEXIS 7730 (Jan. 23, 2008). Furthermore, none of the cases that the Defendant cites in support of a stay involved the kind of ongoing, man-made disaster that is involved here. The oil that continues to pour into the Gulf of Mexico may ultimately be the largest, man-made environmental catastrophe in the history of the United States, and perhaps

the planet. The cases that the Defendant cites, by contrast, involved matters such as the sale of life insurance policies[1] and the fraudulent marketing and underwriting of "auction-rate" bonds.[2]

*Good* involved misrepresentations in the sale of life insurance, an MDL action had already been centralized, and the plaintiff's case had been related for transfer to the court handling that ongoing action. 5 F. Supp. 2d at 806. Moreover, the district court considered and denied a motion to remand *before* granting a stay, thereby rendering moot the plaintiff's primary argument in opposition to a stay, and also expressed confidence that the stay would be brief. *Id.* at 809.

In *Louisiana Stadium,* involving an "auction-rate" bond dispute, the court determined that a stay would not result in any prejudice, because submissions to the Panel were due later the same month, and a ruling was expected "shortly thereafter." 2009 WL 926982, at *1. The court also anticipated that the case would be transferred and expressed concern that the court's spending time familiarizing itself with complex financial transactions that it would ultimately not rule upon would waste judicial resources. *Id.* Accordingly, none of the cases that Defendant cites are comparable to this case and none support the conclusion that this case should be stayed.

On May 25, 2010, in a similar case involving these Defendants, the Honorable William H. Steele of the Southern District of Alabama denied the BP Defendants' Motion for Stay in Cause No. 1:10-cv-00215 (Doc. 33). In the Order, Judge Steele stated as follows:

> In this case, the Court finds that the Motion is premature……….Regardless of whether and where the MDL Panel ultimately transfers this action for consolidated and coordinated pretrial proceedings, defendants will need to file answers or responsive pleadings……….Entering a stay at this

---

[1] *See Good v. Prudential Ins. Co.,* 5 F. Supp. 2d 804, 806 (N.D. Cal. 1998).

[2] *Louisiana Stadium & Exposition Dist. v. Fin. Guaranty Ins. Co.,* No. 09-235, 2009 WL 926982, at *1 (E.D. La. April 2, 2009).

>juncture and under these circumstances would not rescue defendants from material hardship or the risk of inconsistent adjudications; after all, they must answer the Complaint anyway, and the likelihood of adjudication of any merits issues prior to late July (when the MDL Panel will hear the motions to transfer) appears quite slim, simply because of the nascent status of this litigation. By all appearances, the only tangible effect of entering a stay at this time would be to allow defendants a three-month reprieve after service of process before being required to answer the allegations brought by plaintiff in the Complaint. Such a protracted delay appears both unnecessary and unwarranted.

*Id* at 2-3

Furthermore, there have been at least 10 other similar related oil spill cases in the Southern District of Alabama where Defendants' Motions for Stay have been denied.[3] Accordingly, Defendants' Motion for Stay in this case is unwarranted.

## I.     The Defendant Would Not Suffer Hardship or Inequity if Its Motion for Stay is Denied

The Defendant fails to present any evidence or argument regarding the hardship it will face if this Court denies their motions for stay. Before a stay may be issued, "the party requesting the stay must demonstrate 'a clear case of hardship or inequity,' if there is 'even a fair possibility' that the stay would work damage on another party." *Landis*, 299 U.S. at 255. Here, the Defendant generally points to the benefits of MDL consolidation - avoiding litigating multiple lawsuits simultaneously and avoiding being subjected to "multiple pleading and discovery requirements, and potentially conflicting or inconsistent rulings on pretrial matters - to support its motion for stay. Such conclusory statements are insufficient to support a motion for stay. *See Callahan*, 2009 U.S. Dist. LEXIS 24674 ("their conclusory assertion that a stay will serve judicial economy is speculative at best.") Regardless of whether, where or when the oil spill

---

[3] Including, Cause No.'s 1:10-cv-00195-WS-B(Doc 41); 1:10 –cv-00223-KD-C(Doc. 40); 1:10-cv-00202-KD-B (Doc. 39); 1:10-cv-00201-KD-C (Doc. 40); 1:10-cv-00206-KD-N (Doc. 36); 1:10-cv-00252-KD-M (Doc. 8) and 1:10-cv-00235-KD-B (Doc. 24)

cases are coordinated or consolidated, at this early point, the Defendant will need to undertake many of the same actions, such as preserving discovery, with respect to all cases pending against it.  Further, the Defendant's speculation about inconsistent pretrial rulings is overshadowed by the magnitude and nature of this ongoing catastrophe and the prejudice, discussed above, that would result to Plaintiff should its case suddenly be frozen for the next several months.

Importantly, in this case, the benefits of a consolidated proceeding are not currently available to Defendant.  And even if an MDL court is ultimately created and similar cases are consolidated and transferred to the MDL for pretrial proceedings, there is nothing to prevent similar lawsuits from being brought in state courts and, where diversity jurisdiction does not exist, simultaneous actions proceeding against Defendant.  In short, the Defendant does not, and cannot, make the requisite showing of undue hardship necessary to support the stay requested.

## II.     Granting Defendants' Motions Would Cause Needless Delay and Not Promote Judicial Economy

The Defendant has requested that this Court relinquish its jurisdiction over this case in favor of allowing the case to remain stagnant for an unknown period of time.  Again, a conditional transfer order has not been issued in this case; there is no existing MDL; and there is no guarantee that an MDL will be formed in the future.  The goal of consolidation under 28 U.S.C. § 1407 (a) is to promote the just and efficient resolution of a case.  It remains to be seen how judicial economy will be served by stopping all proceedings without an MDL having been created.  Rather, if an MDL is established in the future, all of the decisions which have been made by this Court and all of the information and documents obtained through discovery obtained in this Court would inure to the benefit of the MDL court.

### III. Plaintiffs Would Suffer Substantial Hardship if Defendant's Motion For Stay Is Granted

What the Defendant's requested stay is in reality a delay of numerous, unknown months before any coordinated proceedings in a future MDL court would begin. Because this underlying basis of this litigation is ongoing, the immediate months ahead may prove pivotal to the outcome of this case. In the meantime, oil continues to flood the Gulf at an alarming rate, and Plaintiff may need to take actions – such as emergency, real-time discovery related to the potential cause(s) of this disaster and Defendant's efforts to mitigate the mounting damages – for which Plaintiff may need to seek court intervention. Issues like document retention and the implementation of policies to ensure evidence is not destroyed in the normal course of business due to document retention and destruction policies must be addressed immediately to avoid undue, substantial hardship to Plaintiff and those similarly situated.

### CONCLUSION

Plaintiff respectfully requests that this Court issue an Order denying Defendant's motion for stay. The stay would prejudice Plaintiff and hinder judicial economy without offering any benefit to the Defendant, other than the general benefits of MDL coordination referenced by Defendant. Because Plaintiff would be prejudiced by the stay, Defendant is required to make a clear showing that they will suffer hardship or inequity if the stay is denied. The Defendant has failed to make a clear showing of hardship or inequity.

Respectfully submitted by,

s/J. Parker Miller_____
J. Parker Miller
*Admitted Pro Hac Vice*
BEASLEY, ALLEN, CROW, METHVIN,
PORTIS & MILES, P.C.
Post Office Box 4160
Montgomery, Alabama 36103-4160

      Telephone:  (334) 269-2343  
      Facsimile:   (334) 954-7555  
      Parker.Miller@BeasleyAllen.com

      And

      s/Edward P. Landry_____  
      Edward P. Landry  
      LANDRY, WATKINS, REPASKE & BREAUX  
      211 East Main Street  
      Post Office Drawer 12040  
      New Iberia, LA 70562-2040  
      Telephone:  (337) 364-7626  
      Facsimile:   (337) 367-2715  
      edward.landry@landrywatkins.com

      ***Attorneys for Plaintiff***  
      ***Martin R. Cressey d/b/a***  
      ***Bohica Fishing Charters***

Dated: June 30, 2010

8

**CERTIFICATE OF SERVICE**

    I hereby certify that on June 30, 2010, a copy of the foregoing pleading was filed electronically with the Clerk of the Court using the CM/ECF system. Notice of this filing will be sent to all counsel of record registered to receive electronic service by operation of the Court's electronic filing system. I also certify that I have mailed this filing by United States Postal Service to all counsel of record who are not registered to receive electronic service by operation of the Court's electronic filing system.

                                        s/ J. Parker Miller
                                        OF COUNSEL